UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Samih Abdel-Rahman

   v.                                        Civil No. 22-cv-333-SM

Warden, FCI Berlin

**Report and Recommendation**

Samih Abdel-Rahman, who is proceeding pro se, is incarcerated at the Federal Correctional Institution in Berlin, New Hampshire ("FCI Berlin"). He filed a petition pursuant to 28 U.S.C. § 2241, challenging the decision of the Bureau of Prisons ("BOP") denying him release to home confinement under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). The warden moves to dismiss the petition, see Doc. No. 6, and that motion has been referred to the undersigned Magistrate Judge for a Report and Recommendation ("R&R") as to disposition.

**Standard of Review**

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court takes "the complaint's well-pleaded facts as true, and [draws] all reasonable inferences in [the plaintiff's] favor." Lowe v. Mills, 68 F.4th 706, 713 (1st Cir. 2023) (internal quotation marks and citations omitted). The court considers the factual allegations in the complaint and the exhibits attached to the complaint. Id. The court then

determines whether the complaint states a claim upon which relief might be granted. Id.

### Background

Based on the documents Mr. Abdel-Rahman filed with his petition, in July 2021 he requested release to home confinement under the CARES Act. The warden denied his request on August 10, 2021, writing that Mr. Abdel Rahman had an active detainer against him from Immigration and Customs Enforcement ("ICE"), that he had served less than half of his sentence, and that he did not have health conditions that put him at serious risk due to COVID-19 infection. Mr. Abdel-Rahman resubmitted his request, and again his request was denied.

Mr. Abdel-Rahman appealed the denial of his request to the BOP's Northeast Regional Office.  In his appeal, he stated that he had health issues that put him at increased risk of complications from COVID-19, that he had then served more than half of his sentence, and that he was in the process of having the ICE detainer removed. Mr. Abdel-Rahman's appeal to the Northeast Regional Office was denied.

### Discussion

Mr. Abdel-Rahman petitions the court pursuant to § 2241 to order, under the CARES Act, that he serve the remainder of his

2

sentence in home confinement. The CARES Act authorizes the BOP Director "to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). "[T]he decision to place a prisoner in home confinement under the CARES Act lies within the sole discretion of the BOP, and is not reviewable by [the U.S. District] Court." Peters v. Boncher, No. CIVIL ACTION NO. 22-11503-JGD, 2023 U.S. Dist. LEXIS 12526, at *8, 2023 WL 387612, at *4 (D. Mass. Jan. 25, 2023) (collecting cases); see also Tetterton v. Warden, FCI Fort Dix, Civil Action No. 23-1394 (CPO), 2023 U.S. Dist. LEXIS 104888, at *5-*7, 2023 WL 4045086, at *2-*3 (D.N.J. June 16, 2023) (citing and discussing cases). For that reason, the court lacks authority under the CARES Act to grant Mr. Abdel-Rahman's petition.[1]

---

[1] Even assuming, without deciding, that this Court could review Mr. Abdel-Rahman's petition to determine whether the BOP had abused its discretion in denying him relief, his challenge would lack merit. See Hussain v. Warden Allenwood FCI, No. 22-1604, 2023 U.S. App. LEXIS 7203, at *4-*7, 2023 WL 2643619, at *2-*3 (3d Cir. Mar. 27, 2023) (finding that claim in § 2241 petition that the BOP abused its discretion by denying CARES Act relief to the petitioner because he was subject to an ICE detainer was without merit). To the extent Mr. Abdel-Rahman may have intended to request relief under 18 U.S.C. § 3582(c), this court lacks jurisdiction to consider that request under § 2241, as such a request must be filed in the sentencing court. See Peters, 2023 U.S. Dist. LEXIS 12526, at *8-*9, 2023 WL 387612, at *4.

**Conclusion**

For the foregoing reasons, the district court judge should grant the warden's motion to dismiss (doc. no. 6) Mr. Abdel-Rahman's petition (doc. no. 1) and direct the clerk's office to enter judgment and close the case. Any objections to this R&R must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection to this R&R are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

SO ORDERED.

_____
Andrea K. Johnstone
United States Magistrate Judge

July 6, 2023

cc: Samih Abdel-Rahman, pro se